Than V. OUCH D/B/A M & D Mart

v.

Sarah Jane SHARPLESS.

No. CIV.A. 2:05–CV–420.

United States District Court,
E.D. Texas,
Marshall Division.

April 13, 2007.

---

David Szwak, Esq., Bodenheimer, Jones & Szwak, Shreveport, LA, for Than V. Ouch, Plaintiff.

Snow Bush, Esq., Longview, TX, for Defendant.

Sarah Sharpless Victoria Manhattan, Esq., Dallas, TX, for Intervenor, Heng Khun.

## ORDER

LOVE, United States Magistrate Judge.

Before the Court is Heng Khun's ("Khun") Motion to Enforce Judgment and Application for Turnover Relief (Doc. No. 46). Khun claims that he recovered a judgment in the amount of $20,000.00 in damages, $7,000.00 as attorney fees, and $3,500.00 as fees for collecting judgment, together with interest on that amount from the date of judgment until paid, and costs of court against Than V. Ouch d/b/a M & D Mart ("Ouch") on September 5, 2006 in the 114th Judicial District Court of Smith County, Texas. Khun requests that the Court order Judgment Debtor Ouch to turn over certain properties he claims that are not exempt from attachment and that cannot be readily attached or levied on by ordinary legal process, including a portion of the settlement money Ouch has received or is going to receive in the above styled and number cause in this Court.

The Texas Turnover Statute states that a judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or fu-

ture rights to property, that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem.Code § 31.002(A)(1)-(2). As the Texas Supreme Court has described, the statute is "the procedural device by which judgment creditors may reach the assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process." *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 224 (Tex.1991). The effect of the statute is not unlimited, however, for the turnover statute is purely procedural in nature; the statute does not provide for the determination of the substantive rights of the parties. *Resolution Trust Corp. v. Smith,* 53 F.3d 72, 77 (5th Cir.1995) (citations omitted).

 However, the statute requires that *a court of appropriate jurisdiction* aid in the collection efforts. Tex. Civ. Prac. & Rem.Code § 31.002. In this case, the judgment amount does not satisfy a federal court's amount-in-controversy requirement for diversity jurisdiction. 28 U.S.C. § 1332. Further, a party not even before court cannot have its rights determined via a proceeding under the Texas turnover statute. *See Resolution Trust Corp.,* 53 F.3d at 80. The Court previously denied Khum's plea to intervene (Doc. No. 33), and he is not a party to suit at hand.

The Court is of the opinion that Khun's application for turnover relief is best left to the state court, in which he received his judgment. Accordingly, the Court **DENIES** Khun's motion.